CARLSON, Presiding Justice,
concurring in part and in result:
¶ 28. I join the plurality in finding that Judge Smith abused his contempt powers and exhibited poor courtroom demeanor. I write separately, however, because I find the plurality’s standard of review to be inconsistent with this Court’s precedent.
¶ 29. Without citation, the plurality pronounces that “where, as here, the judge *896 and Commission agree on the facts, we ordinarily will accept the findings as true.” Plur. Op. ¶ 8. In his dissent, Justice Kitchens correctly finds that the plurality’s statement is a newly-announced standard of review and that it is contrary to the well-established standard that this Court conducts an independent review of the record. Kitchens Op. ¶ 32; see Miss. Comm'n on Judicial Performance v. Boone, 60 So.3d 172, 184 (Miss.2011). I agree with Justice Kitchens’s analysis of our standard of review in judicial performance cases and take this opportunity to comment on this Court’s standard.
¶30. Earlier this year, in Boone, this Court clarified the standard of review in judicial performance cases and overruled any case that stands for the proposition that this Court does not conduct an independent review of the record. Boone, 60 So.3d at 177. Boone cited In re Removal of Lloyd W. Anderson, Justice Court Judge, 412 So.2d 743 (Miss.1982). Anderson was this Court’s first opportunity to examine Article 6, Section 177A of the Mississippi Constitution of 1890, which states: “On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state....”
¶ 31. Discussing our responsibilities mandated by Section 177A, Anderson held that this Court should conduct an independent inquiry of the record in judicial performance cases. Anderson states:
Therefore, it appears we are required to be a factfinding body, at least to some degree, in every case of this nature.... The power to impose sanctions is delegated solely to this Court; it therefore follows we have an obligation to conduct an independent inquiry of the record in order to make our final determination of the appropriate action to be taken in each case. In so doing, we will accord careful consideration [to] the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses.
Anderson, 412 So.2d 743, 746. Id. The standard announced in Anderson and affirmed in Boone does not distinguish between cases with agreed facts and those with contested facts. We apply the same standard to all judicial performance cases.
¶ 32. For the reasons discussed above, I do not join the plurality’s proposition that “where ... the judge and Commission agree on the facts, we ordinarily will accept the findings as true.” Plur. Op. ¶ 8.1 do, however, join the plurality’s finding that Judge Smith’s actions constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, pursuant to Article 6, Section 177A of the Mississippi Constitution of 1890. I also join the plurality’s finding that Judge Smith should be publicly reprimanded, fined $1,000, and assessed costs of $100.
KING, J., JOINS THIS OPINION. RANDOLPH AND KITCHENS, JJ., JOpIN THIS OPINION IN PART.